**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-4938**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ROBERTO SALDIVA-SANDOVAL, a/k/a Jose Edilberto
Hernandez, a/k/a Jose Edilberto Cabre
Hernandez, a/k/a Herman Lainez, a/k/a Jose
Cabrera, a/ka Jose Cabrera Hernandez,

Defendant - Appellant.

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham.  William L. Osteen, Senior
District Judge.  (1:05-cr-00306-WLO)

Submitted:  October 31, 2007       Decided:  November 21, 2007

Before WILKINSON and TRAXLER, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Christopher R. Clifton, GRACE, TISDALE & CLIFTON, P.A., Winston-
Salem, North Carolina, for Appellant.  Anna Mills Wagoner, United
States Attorney, Angela H. Miller, Assistant United States
Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following two mistrials, Roberto Saldiva-Sandoval was convicted at a third trial of illegal reentry by a previously deported alien, 18 U.S.C. § 1326(a) (2000), and was sentenced to fifty-four months in prison. He now appeals his conviction. We affirm.

I

At trial, Immigration and Customs Enforcement Agent Lewis Winer testified that an individual known as Jose Edilberto Hernandez, who operated a small store in Winston-Salem, North Carolina, applied for a beer license. In connection with that application, state authorities conducted a routine investigation, including a fingerprint analysis. As a result of the investigation, state authorities alerted federal officials, and, on August 5, 2005, Winer arrested the defendant for illegally reentering the United States. Winer fingerprinted the defendant, who insisted his name was Hernandez. A fingerprint expert testified that the defendant's prints matched those of an alien who was deported in 1992 and again in 1993 and who was known then as Roberto Saldiva-Sandoval or Jose Cabrera. The alien had not applied for or received permission from the Attorney General or the Secretary of the Department of Homeland Security to reenter the United States.

The defendant raises two issues on appeal. First, he contends that the district court erred when it denied his Fed. R. Crim. P. 29 motion for judgment of acquittal at the first mistrial. There is, however, no review of the sufficiency of evidence presented at a prior trial that resulted in a mistrial. See Richardson v. United States, 468 U.S. 317, 325-26 (1984); United States v. Julien, 318 F.3d 316, 321 (1st Cir. 2003); United States v. Coleman, 862 F.2d 455, 460 (3rd Cir. 1989).

The defendant also claims that the district court erred when it refused to allow into evidence the fact that he possessed a green card. We review evidentiary rulings for abuse of discretion. See United States v. Stitt, 250 F.3d 878, 888 (4th Cir. 2001). Where an objection was raised below, evidentiary rulings are further subject to harmless error analysis. See United States v. Brooks, 111 F.3d 365, 371 (4th Cir. 1997). Here, there was no abuse of discretion. We agree with the United States that defense counsel opened the door to questioning about the contents of two official files on the defendant. Such questioning was designed to dispel any confusion that defense counsel's questioning might have left in the jurors' minds when he inquired about the contents of only one of the files. In any event, we believe that any error in excluding the green card was harmless, given the essentially

undisputed testimony that the defendant's fingerprints matched those of an alien who was deported in 1992 and again in 1993.

III

We therefore affirm the conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

- 4 -